```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


CARL A. PERRY, JR.,              *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *    Civil Action 08-00548-KD-B
                                 *
SOCIAL SECURITY ADMINISTRATION,  *
                                 *
     Defendant.                  *
```

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama inmate proceeding pro se, initiated the instant § 1983 action by filing a Complaint and a Motion to Proceed without Prepayment of Fees (Docs 1, 2). This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of Plaintiff's Complaint and Motion, this Court's docket, as well as the docket of the United States District Court for the Northern District of Alabama, the undersigned recommends that Plaintiff's Motion be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Plaintiff initiated this action against the Social Security Administration and others alleging that the Social Security Administration has failed to respond to his requests for benefits, and that "Rachiel Lions" has improperly requested that he provide social security numbers for the persons on his list of visitors. During the screening of Plaintiff's Complaint, the undersigned

discovered that this Court has applied 28 U.S.C. § 1915(g)'s prohibition to Plaintiff's prior actions.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As noted supra, Plaintiff filed the present § 1983 action while he was an Alabama prison inmate and sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 (Doc. 2). The Court's docket reflects that in the action styled Perry v. State of Alabama, *et al*, 04-778 (S.D. Ala. May 11, 2005), the district Court determined that Plaintiff's action was due to be dismissed because he previously had eight actions or appeals dismissed as frivolous or for failure to state a claim upon which relief could be granted, namely, Perry v. Hopper, *et al.*, 98-0613 (N.D. Ala.), *appeal frivolous* (11th Cir. Nov. 19, 1999); Perry v. Bowen, *et al.*, 86-0005-C-S (S.D. Ala. Feb. 14, 1986); Perry v. Federal Government, 84-0332-C-B (S.D. Ala. April 26, 1984); Perry v. Brown, *et al*, 84-0002-H-B (S.D. Jan. 24, 1984), *appeal frivolous* (11th Cir. June 7,

1984); Perry v. State of Alabama, 83-0823-H-S (S.D. Ala.), *appeal frivolous* (11th Cir. Jan. 31, 1984); Perry v. Purvis, 83-0651-C-S (S.D. Ala. July 13, 1983); and Perry v. State and Fed. Tax Div., *et al.*, 82-1026-C-B (S.D. Ala. Nov. 3, 1982).

Because Plaintiff has had at least three actions that were dismissed as frivolous or for failure to state a claim upon which relief can be granted, he was required to pay the $350.00 filing fee when he initiated this action or suffer the dismissal of his action unless he came within the exception of 28 U.S.C. § 1915(g).(11th Cir. 2002); Vanderberg v. Donaldson*,* 259 F.3d 1321, 1324-25 (11th Cir.), *cert. denied,* 535 U.S. 976, 122 S.Ct. 1449, 152 L.Ed.2d 391 (2002).

Despite the fact that Plaintiff was fully aware, by virtue of the court's prior ruling in Perry v. State of Alabama, *et al.*, that § 1915(g) will generally be applied to his actions, Plaintiff put forward no allegation that he is in "an imminent danger of serious physical injury" in the present Complaint. Malik v. McGinnis*,* 293 F.3d 559, 562-63 (2d Cir. 2002) (holding that "imminent danger exception only applies to danger existing at the time the complaint is filed" and does not encompass those harms that have already occurred); Abdul-Akbar v. McKelvie*,* 239 F.3d 307, 311 (3d Cir. 2001) (holding that allegations of imminent danger of serious physical injury faced by a prisoner in the past are insufficient to allow the prisoner to proceed *in forma pauperis*),

3

*cert. denied,* 533 U.S. 953, 121 S.Ct. 2600, 150 L.Ed.2d 757 (2001); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time); Ashley v. Dilworth*,* 147 F.3d 715, 717 (8th Cir. 1998) (same); Banos v. O'Guin*,* 144 F.3d 883, 884-85 (5th Cir. 1998) (same).  Rather, as noted supra, in his instant action, Plaintiff complains that the Social Security Administration has not responded to his requests for benefits, and that "Rachiel Lions" has improperly requested that he provide social security numbers for the persons on his visitors' list.  Such allegations clearly do not demonstrate or suggest that Plaintiff was under an imminent danger of a serious physical injury at the time he filed his Complaint.

"The purpose of the Prison Litigation Reform Act (PLRA) is to curtail abusive prisoner litigation.  Section 1915 "only allows a prisoner to file three meritless suits at the reduced rate provided by that section."  After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." Dupree v. Palmer*,* 284 F.3d 1234, 1236 (11th Cir. 2002). (citations omitted.) Where the fee is not paid at the time of filing, the proper procedure is for the district court to dismiss the complaint without prejudice. Id.  Because Plaintiff did not pay the $350.00 filing fee at the time he filed this action and has not satisfied § 1915(g)'s "under imminent danger of serious physical injury"

exception, Plaintiff's action is due to be dismissed without prejudice.  Dupree, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action).  Accordingly, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**The attached sheet contains important information regarding objections to the Report and Recommendation.**

**DONE** this **16th** day of **October, 2008.**

                                                   /S/ SONJA F. BIVINS
                                         **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing

party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this **16th** day of **October 2008.**

                                        **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**